Filed 12/20/19 (unmodified opinion attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

(Butte)

| | |
|---|---|
| MEADOWBROOK INSURANCE COMPANY,<br><br>Petitioner,<br><br>v.<br><br>WORKERS' COMPENSATION APPEALS BOARD and DFS INTERPRETING et al.,<br><br>Respondents. | C088882<br><br>(W.C.A.B. Nos. ADJ10348591, ADJ10349019)<br><br>MODIFICATION OF OPINION AND DENIAL OF PETITION FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

Appellant filed a petition for rehearing with this court. It is hereby ordered that the petition for rehearing is denied.

1

It is also ordered that the opinion filed herein on November 21, 2019, be modified as follows:

A new footnote 5 is to be inserted in the second paragraph under heading "C. *Failure to Request a Second Review*" immediately following the second sentence, which ends with the words "explanation of review," to read:

[5] In its petition for rehearing, DFS contends we failed to address its argument that the record does not show Meadowbrook paid DFS for the interpreting services, and thus we should have addressed DFS's assertion in its answer to the petition: "It must be inferred that there was some other issue involved with these dates of services beyond the rate being charged by DFS Interpreting." DFS again contends on rehearing that "[w]hatever that issue was, it was more than just the 'amount of payment.' " DFS adds, "there must have been more than just a dispute as to the amount of the payment." We decline to conclude the WCAB retains jurisdiction of the parties' dispute over the amount of payment based on DFS's speculative inference that there "must have been more" at issue between the parties. DFS neither raised this issue, whatever it may be, nor supported it with evidence at trial, and it points to no evidence in the record substantiating its requested inference.

The remaining footnote is to be renumbered accordingly.

This modification does not change the judgment.


FOR THE COURT:



_____/s/_____
Raye, P. J.



_____/s/_____
Hull, J.



_____/s/_____
Duarte, J.

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

(Butte)

| | |
|---|---|
| MEADOWBROOK INSURANCE COMPANY, | C088882 |
| Petitioner, | |
| | (W.C.A.B. Nos. ADJ10348591, |
| v. | ADJ10349019) |
| WORKERS' COMPENSATION APPEALS BOARD and DFS INTERPRETING et al., | |
| Respondents. | |

ORIGINAL PROCEEDING:  Petition for writ of review.  Petition annulled. Sharyn Lynne Sala, Judge.

Bradford & Barthel and Louis A. Larres for Petitioner Meadowbrook Insurance Company.

Law Offices of John D. Moloney and John D. Moloney for Respondent DFS Interpreting.

No appearance for Respondent Workers' Compensation Appeals Board.

No appearance for Respondents Miguel Velazquez and Servando Velazquez.

1

Petitioner Meadowbrook Insurance Company (Meadowbrook), administrator for Star Insurance Company, petitioned for writ of review of the Workers' Compensation Appeal Board's (WCAB) decision on reconsideration that liens held by DFS Interpreting (DFS) against Meadowbrook regarding unpaid invoices for interpreter services DFS provided to Meadowbrook's insureds were not foreclosed by DFS's failure to follow procedural rules.

We issued the writ, and we now hold that DFS's failure to comply with required procedures resulted in DFS's bills being deemed satisfied. This result means Meadowbrook is not liable for further payment. Accordingly, we annul the WCAB's decision to the contrary and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

In separate incidents, Miguel Velazquez and Servando Velazquez (claimants) suffered injuries within the scope of their employment, and each required Spanish language interpreting services in connection with their medical care. Meadowbrook was the workers' compensation carrier for the claimants' employers and accepted both claims and administered benefits.

DFS, which provided interpreter services to each claimant, timely submitted invoices to Meadowbrook for the services provided. Meadowbrook issued explanations of review pursuant to Labor Code section 4603.3,[1] explaining that it refused to pay the invoices DFS submitted. DFS objected to those explanations of review, but did not request a second review pursuant to section 4603.2, subdivision (e) or California Code of Regulations, title 8, section 9792.5.5.[2]

_____

[1] Further undesignated statutory references are to the Labor Code.

[2] Further undesignated references to regulations are to Title 8 of the California Code of Regulations (Title 8).

Each underlying case resolved as to all issues but for DFS's liens, and the cases were consolidated to determine whether DFS properly contested Meadowbrook's explanations of review in accordance with the relevant statutes and regulations, and, if not, whether the WCAB had jurisdiction to award further payment to DFS. The parties stipulated that the interpreters were necessary at all medical treatment appointments, DFS timely submitted the invoices, Meadowbrook timely issued the explanations of review, and DFS objected to the explanations of review but did not request a second review.

At the conclusion of trial, the workers' compensation judge (WCJ) issued her findings and award and order in favor of DFS. The WCJ found that DFS's liens were not barred by its failure to request a second review because the administrative director (AD) had not adopted a fee schedule pursuant to section 4600, subdivision (g).

Meadowbrook filed a petition for reconsideration. It argued that the WCAB lacked jurisdiction to resolve the billing dispute because there was indeed a valid fee schedule in existence as required by the definition of "amount of payment" in Title 8, section 9792.5.4.

The WCAB denied the reconsideration petition. It reasoned that the AD had not specifically adopted a fee schedule for interpreters after the Legislature enacted Senate Bill No. 863 (2011-2012 Reg. Sess.), chaptered as Statutes 2012, chapter 363 (Sen. Bill No. 863). Thus, there was not an applicable fee schedule and DFS was not required to submit a request for second review under section 4603.2, subdivision (e) or Title 8, section 9792.5.5.

Meadowbrook filed a petition for writ of review, which we issued.

## DISCUSSION

### I

*Standard of Review*

"In reviewing an award or decision made by the WCAB, we are governed by familiar principles. The WCAB's factual findings, when supported by substantial

3

evidence, are binding on us. [Citations.]" (*Pearson Ford v. Workers' Comp. Appeals Bd.* (2017) 16 Cal.App.5th 889, 895 (*Pearson Ford*).) " ' " 'Questions of statutory interpretation are, of course, for [a] court to decide. [Citations.]' " ' " (*Tenet/Centinela Hospital Medical Center v. Workers' Comp. Appeals Bd.* (2000) 80 Cal.App.4th 1041, 1045–1046.) "However, although the [WCAB's] conclusions on questions of law are not binding on this court [citation], and the interpretation of a labor statute is a legal question subject to our independent review [citation], we nevertheless 'generally defer to the [WCAB's] interpretation of labor statutes unless clearly erroneous' [citation]." (*California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2014) 232 Cal.App.4th 543, 553.)

II

*Statutory Framework and WCAB Opinion and Decision*

A. *Senate Bill No. 863 and the Relevant Regulation*

Senate Bill No. 863, which became effective January 1, 2013, made a substantial number of changes to workers' compensation law, including creating administrative dispute resolution procedures for billing disputes between providers and employers.

Section 4600 generally sets out the medical services an employer must provide to an injured worker. Senate Bill No. 863 added subdivision (g) to section 4600, which provides that an injured employee is entitled to the services of a qualified interpreter at medical treatment appointments if the injured employee cannot effectively communicate with his or her treating physician. (Stats. 2012, ch. 363, § 35.)

Following the enactment of Senate Bill No. 863, the provider of interpreter services must submit an itemized request for payment to the employer. (§ 4603.2, subd. (b)(1)(A).) The employer, after receiving the provider's request for payment and upon payment of the requests, must "provide an explanation of review in the manner prescribed by the [AD]" stating the items or procedures billed, the amount paid, and the

4

basis for any adjustment, change, or denial of the billed items or procedures.  (§ 4603.3, subd. (a).)

Senate Bill No. 863 further amended section 4603.2 by adding the following language as subdivision (e), which sets forth the requirements for the second review that a provider of interpreter services may request:

"(e)(1) If the provider disputes the amount paid, the provider may request a second review within 90 days of service of the explanation of review or an order of the appeals board resolving the threshold issue as stated in the explanation of review pursuant to paragraph (5) of subdivision (a) of Section 4603.3.  The request for a second review shall be submitted to the employer on a form prescribed by the administrative director and shall include all of the following:

"(A) The date of the explanation of review and the claim number or other unique identifying number provided on the explanation of review.

"(B) The item and amount in dispute.

"(C) The additional payment requested and the reason therefor.

"(D) The additional information provided in response to a request in the first explanation of review or any other additional information provided in support of the additional payment requested.

"(2) *If the only dispute is the amount of payment and the provider does not request a second review within 90 days*, the bill shall be deemed satisfied and neither the employer nor the employee shall be liable for any further payment.

"(3) Within 14 days of a request for second review, the employer shall respond with a final written determination on each of the items or amounts in dispute.  Payment of any balance not in dispute shall be made within 21 days of receipt of the request for second review.  This time limit may be extended by mutual written agreement.

5

"(4) If the provider contests the amount paid, after receipt of the second review, the provider shall request an independent bill review as provided for in Section 4603.6."[3] (§ 4603.2, subd. (e), italics added.)

We italicize the language in section 4603.2, subdivision (e)(2) because a significant portion of the instant dispute revolves around the proper interpretation of that language, specifically, whether the disputed amount owed to the interpreters is properly classified within the "amount of payment."

Senate Bill No. 863 also amended subdivision (f) of section 4603.2 to provide: "Except as provided in paragraph (4) of subdivision (e), the appeals board shall have jurisdiction over disputes arising out of this section pursuant to Section 5304."

As we have indicated, the dispute between the parties centers on the definition of "amount of payment." Title 8, section 9792.5.4 defines "amount of payment" for purposes of second review and independent bill review: "Medical treatment services or goods rendered by a provider or goods supplied in accordance with . . . section 4600 that were authorized by . . . section 4610, and *for which there exists an applicable fee schedule adopted by the [AD] for those categories of goods and services*, including but not limited to those found at [Tit. 8] sections 9789.10 to 9789.111, or for which a contract for reimbursement rates exists under . . . section 5307.11." (Tit. 8, § 9792.5.4, subd. (a)(1), italics added.)

B. *WCAB's Decision*

    1. Applicable Fee Schedule

The WCAB, in its opinion and decision after reconsideration, relied on section 4600, subdivision (g), enacted by Senate Bill No. 863, which provides in part: The

---

[3] "If the provider fails to request an independent bill review within 30 days, the bill shall be deemed satisfied, and neither the employer nor the employee shall be liable for any further payment." (§ 4603.6, subd. (a).)

"administrative director shall adopt a fee schedule for qualified interpreter fees 'in accordance with this section.' " The WCAB gleaned from this language that a fee schedule is only "applicable" (such that it qualifies to support an "amount of payment" under Title 8, section 9792.5.4) if it had been adopted by the AD *after* the enactment of Senate Bill No. 863. The WCAB then inferred, in the resulting absence of an applicable fee schedule, that Meadowbrook's explanations of review necessarily provided an explanation for non-payment other than an applicable fee schedule. Under this reasoning, because the explanations of review were necessarily based on something other than an applicable fee schedule, the dispute between the parties did not fit the definition of "amount of payment" referenced in section 4603.2, subdivision (e), and therefore DFS's liens were not barred by its failure to request a second review or independent bill review.

2. Existing Rules Governing Interpreter Fees

The WCAB's opinion and decision after reconsideration acknowledged that interpreter fees were already "limited by a rule [tit. 8, § 9795.3] adopted by the [AD]." The AD adopted Title 8, section 9795.3, entitled "Fees for Interpreter Services" in 1994. It describes the events for which a claims administrator shall pay an interpreter, including, *inter alia*, an examination by a physician requested by a claims administrator, the AD, or the WCAB, a comprehensive medical-legal evaluation, a deposition of an injured employee, and an appeals board hearing or arbitration. (Tit. 8, § 9795.3, subd. (a).) Title 8, section 9795.3 was amended in December 2012, and those changes became effective January 1, 2013. The amendment added "medical treatment appointment" to the list of events for which a claims administrator must pay for an interpreter. (Tit. 8, § 9795.3, subd. (a)(2).)

The section also describes interpreter fees that "shall be presumed to be reasonable." (Tit. 8, § 9795.3, subd. (b).) For example, services provided by a certified interpreter for an appeals board hearing, arbitration, or deposition "shall be billed and paid at the greater of the following (i) at the rate for one-half day or one full day as set

7

forth in the Superior Court fee schedule for interpreters in the county where the service was provided, or (ii) at the market rate.  The interpreter shall establish the market rate for the interpreter's services by submitting documentation to the claims administrator, including a list of recent similar services performed and the amounts paid for those services.  Services over 8 hours shall be paid at the rate of one-eighth the full day rate for each hour of service over 8 hours."  (*Id.*, subd. (b)(1).)

For other events listed in subdivision (a) of Title 8, section 9795.3, "interpreter fees shall be billed and paid at the rate of $11.25 per quarter hour or portion thereof, with a minimum payment of two hours, or the market rate, whichever is greater. The interpreter shall establish the market rate for the interpreter's services by submitting documentation to the claims administrator, including a list of recent similar services performed and the amounts paid for those services."  (Tit. 8, § 9795.3, subd. (b)(2).)

III

*Analysis*

Meadowbrook argues the WCAB erred when it concluded that interpreter fees were not subject to an applicable fee schedule adopted pursuant to section 4600, subdivision (g), resulting in the decision that DFS's liens were *not* "barred" by its failure to request a second review.  We agree that no statute requires that a fee schedule be adopted *after* the enactment of Senate Bill No. 863, rather than merely be in existence at the relevant time, whether adopted before or after the Senate bill itself came into being. We also agree that Title 8, section 9795.3 is an applicable fee schedule as required by the definition of "amount of payment."

A.  *Timing of Adoption of Fee Schedule in Order to be Deemed "Applicable"*

Section 4600, subdivision (g) provides in relevant part:  "The administrative director shall adopt a fee schedule for qualified interpreter services in accordance with this section."  DFS contends that the word "shall" in the quoted passage conveys a directive that the AD must adopt a fee schedule *in the future,* that is, after the passage of

8

Senate Bill No. 863.  But the Labor Code provides only that " 'shall' is mandatory." (§ 15.)  In other words, the directive encompassed in the word "shall" in section 4600, subdivision (g) is that a fee schedule is mandatory; it does not compel the AD to adopt a new or revised fee schedule *after* the bill's enactment as DFS suggests.

Similarly, the phrase "in accordance with this section" does not require the AD to adopt a fee schedule after the enactment of Senate Bill No. 863.  "Accordance" as used here is defined as "agreement, conformity."  (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 8, col. 2.)  Thus, to be "in accordance with this section," the fee schedule need only agree with or be in conformity with all requirements of the statute.  Nothing in the phrase "in accordance with" requires that a fee schedule otherwise complying with the terms of the statute is not "applicable" for purposes of qualifying a fee as an amount of payment merely because it was adopted before the statute was enacted.

B.  *Applicable Fee Schedule for Interpreter Services*

Next, given that there is no requirement that the AD adopt a fee schedule after Senate Bill No. 863 was enacted, we conclude that Title 8, section 9795.3 is an applicable fee schedule as required by sections 4600, subdivision (g) and 4603.2, subdivision (e), and Title 8, section 9792.5.4.  As discussed, *ante*, Title 8, section 9795.3 describes both the events for which a claims administrator shall pay an interpreter and interpreter fees that "shall be presumed to be reasonable."  (Tit. 8, § 9795.3, subds. (a) & (b).)  The parties offer no authority establishing that the schedule of fees set out in Title 8, section 9795.3 is not a "fee schedule" such that it qualifies as such under the relevant regulation. The WCAB has observed that Title 8, section 9795.3 is not as detailed as the fee schedule in Title 8, section 9795, which sets the fee schedule for medical-legal fees.  (*Ramirez v. Rancho Harvest, Inc.* (2017) 83 Cal.Comp.Cases 399, 402.)  But we are not aware any authority defining the level of detail required by a fee schedule or holding that a fee

9

schedule less detailed than that set out by Title 8, section 9795 does not qualify as a fee schedule for the purpose of any other regulation.[4]

C. *Failure to Request a Second Review*

Because the fee schedule set out in Title 8, section 9795.3 is an "applicable fee schedule" as required by Title 8, section 9792.5.4, we hold that DFS's liens are barred by its failure to request a second review. (§ 4603.2, subd. (e)(2).) Because the WCAB's interpretation of the law is clearly mistaken, the WCAB's opinion and decision on reconsideration must be annulled. (*Pearson Ford*, *supra*, 16 Cal.App.5th at p. 895.)

Additionally, the WCAB lacked jurisdiction to hear the parties' dispute. Because there was an applicable fee schedule, there was an "amount of payment," and because that was the only remaining dispute, DFS was required to request a second review within 90 days of service of the explanation of review. Its failure to do so resulted in the bill being deemed satisfied. (§ 4603.2, subds. (e)(1) & (2).) Had DFS requested a second review and still contested the amount paid, it was required to request an independent bill review as provided for in section 4603.6. (§ 4603.2, subd. (e)(4).) The WCAB lacks jurisdiction to hear disputes as provided for in section 4603.2, subdivision (e)(4), and therefore the statute does not confer jurisdiction on the WCAB to hear the parties' dispute.[5]

---

[4] Meadowbrook also observes that Title 8, section 9795.3 was amended as an emergency in December 2012, after Senate Bill No. 863 was enacted, and the amended regulation became operative on the same day as Senate Bill No. 863. But because we hold that an applicable fee schedule need not have been adopted after the enactment of section 4600, subdivision (g), we do not reach this issue.

[5] Given our conclusion that Meadowbrook is correct that DFS's liens are barred by the failure to request a second review and WCAB lacked jurisdiction to hear the dispute, we decline to address Meadowbrook's additional arguments.

## DISPOSITION

The judgment (order) of the WCAB denying Meadowbrook's petition for reconsideration is annulled, and DFS's bills are deemed satisfied due to its failure to request a second review and independent bill review as required by section 4603.2, subdivision (e).

/s/
_____
Duarte, J.

We concur:

/s/
_____
Raye, P. J.

/s/
_____
Hull, J.